No. 92-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN THE MATTER OF THE ESTATE OF

LOUISE M. CASHMORE, Deceased.

FILED

FEB 2 5 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                C.W. Leaphart, Jr. W. William Leaphart, Leaphart Law
                Firm, Helena, Montana

        For Dr. Robert Cashmore:

                Don A. LaBar, Church, Harris, Johnson & Williams,
                Great Falls, Montana

        For Personal Representative for the Cashmore Estate:

                James T. Harrison, Jr., Harrison, Loendorf & Poston,
                Helena, Montana


                        Submitted on Briefs:   November 12, 1992

                                  Decided:   February 25, 1993

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Sarah Herold-Breidenbach, a daughter and beneficiary of the estate of Louise M. Cashmore, appeals an order of the District Court of the First Judicial District, Helena, Montana, dated June 12, 1992. The District Court there determined that Ms. Breidenbach was not entitled to the sums in four checking accounts which had already been distributed because she did not object to the distribution within the statutory time limit. We affirm.

Louise Cashmore died on January 6, 1991. She had three children, Robert W. Cashmore, Sarah Herold-Breidenbach, and Lynn Secrest-Grantham, who were the chief beneficiaries of her estate. The Inventory and Appraisement of her estate reflected a total of $179,453.15. On August 12, 1991, the personal representative mailed each heir an accounting and a proposed partial distribution of the estate. Such distribution divided $150,000 equally between the three children. No objection was made by any beneficiary, and Ms. Breidenbach herself wrote the checks to distribute the money.

After this distribution, a dispute arose concerning the remaining amount of money and certain personal belongings of Louise Cashmore. Under contention was the possible bequest of a Shorty Shope painting valued at $5,000 to Robert Cashmore. Cashmore petitioned the court for resolution of the matter and a hearing was held on October 18, 1991. On December 20, 1991, the District Court entered an order determining the estate did not own the Shope painting, but that it was owned by Robert Cashmore.

On February 25, 1992, the personal representative petitioned the District Court to require all beneficiaries to file any claims they had against the estate because the dissention had made further administration impossible. Breidenbach claimed she was a joint tenant with rights of survivorship in four checking accounts belonging to her mother. The money in these four accounts had already been distributed as part of the estate. She also claimed a diamond ring, and now claims that an insurance check sent to her brother should have one half distributed to the estate.

On June 12, 1992, the District Court issued an order quoting § 72-3-903, MCA, of the Probate Code. That section provides in part:

> (2)  The right of any distributee to object to the proposed distribution on the basis of the kind or value of asset he is to receive, if not waived earlier in writing, terminates if he fails to object in writing received by the personal representative within 30 days after mailing or delivery of the proposal.

The court determined that no beneficiary objected to the proposed distribution of the estate within thirty days and none can object now. Further, the personal representative was directed to sell the diamond ring and distribute the money equally if the beneficiaries could not agree on ownership.

Section 72-3-903, MCA, is clear. Because Ms. Breidenbach did not object within the allotted time, she must accept the distribution of her mother's estate, including the prior distribution of the checking accounts to which she was a joint tenant. We affirm the holding of the District Court that Ms.

3

Breidenbach was barred from claiming the four checking accounts under § 72-3-903, MCA.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler specially concurring.

I concur with the result of the majority opinion, however, not for the reasons stated therein.

Section 72-3-903(2), MCA, requires that distributees of an estate register objections within 30 days if their objections are based on "the kind or value of asset [they are] to receive . . . ." In this case, Sarah Herold-Breidenbach had no objection to the kind or value of assets she was to receive. Her objection was that savings accounts held by her in joint tenancy with her deceased mother should never have been included in the estate in the first place. Therefore, I conclude that the statute relied upon by the majority is not applicable to the facts of this case.

However, it is clear to me that Sarah waived any right she may have had to the joint accounts by her own conduct. Waiver "is the voluntary and intentional relinquishment of a known right, claim, or privilege." 28 Am. Jur. 2d *Estoppel and Waiver* § 155 at 836 (1966). In this case, the proposed inventory and appraisement was filed on July 9, 1991. It was clear from the inventory that the joint accounts were included in the estate. On August 12, 1991, with full knowledge that the distribution included those amounts included in the accounts that she now claims, Sarah signed the checks which were issued as the cash distribution of the estate. By actually participating in the distribution of the four joint accounts, Sarah waived any further claim to those accounts.

Although not discussed in the majority opinion, I would also affirm payment of the proceeds from the State Farm Fire and

5

Casualty Company hail damage coverage to Robert W. Cashmore for the reason that he was a named insured under that policy and was owner of the insurable interest covered by the policy.

_____
Justice

February 25, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

C. W. Leaphart, Jr.
The Leaphart Law Firm
1 North Last Chance Gulch, #6
Helena, MT 59601

Don A. LaBar
Church, Harris, Johnson & Williams
P. O. Box 1645
Great Falls, MT 59403

Lynn Secrest-Grantham
Attorney at Law
4403 Shasta Way
Klamath Falls, OR 97603

James T. Harrison, Jr.
Attorney at Law
2225 11th Ave., Suite 21

Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY:_____
Deputy